# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| SAGICOR CORPORATE CAPITAL LIMITED, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION FILE NO.: |
| S&S LAGRANGE, LLC, STEVE CAVENDER d/b/a CAVENDER RENTALS, | : | 3:14-cv-11-TCB |
| Defendants. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Sagicor Corporate Capital Limited (hereinafter "Sagicor"), by and through the undersigned counsel, and files this Complaint for Declaratory Judgment showing this Court as follows:

### PARTIES

1.

Sagicor Corporate Capital Limited is incorporated in the United Kingdom and has its principal place of business in London. It is 100% corporate capital, and there are no individual names.

2.

Defendant S&S LaGrange, LLC ("S&S") is a corporation organized and existing under the laws of the state of Georgia with its principal place of business at 212 Whitesville Road, LaGrange, Troup County, Georgia 30240. Upon

information and belief, S&S does not have a registered agent and may be served through the Georgia Secretary of State.

3.

Upon information and belief, Defendant Steve Cavender is a resident of the state of Georgia and resides at 212 Whitesville Road, LaGrange, Troup County, Georgia 30240.

**JURISDICTION AND VENUE**

4.

This action arises out of an actual dispute or controversy that exceeds $75,000.00 exclusive of interest and costs.

5.

There is complete diversity of citizenship between Plaintiff and Defendants. Defendants are not citizens of the same state as Plaintiff. Therefore and pursuant to 28 U.S.C. §1332(a)(1), this Court properly maintains diversity jurisdiction over this matter.

6.

Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

7.

Sagicor is seeking a judicial declaration pursuant to 22 U.S.C. § 2201 regarding its legal rights and obligations pursuant to policies of insurance that it issued to Defendants for claims asserted by Defendants. There is an actual and justiciable controversy as set forth herein. Therefore, this Court has jurisdiction over this action.

## FACTUAL BACKGROUND

8.

Sagicor hereby incorporates by reference and restates as if fully set forth hereinafter the allegations stated in paragraphs 1 through 7.

9.

Sagicor subscribed to an insurance policy bearing Policy No. SP100288 issued to:

Cavender Rentals
Steve Cavender DBA

with effective dates of October 31, 2012, to October 31, 2013. A true and correct copy of Policy No. SP100288 is attached hereto as Exhibit "A".

10.

Sagicor subscribed to an insurance policy bearing Policy No. SP100306 issued to S&S LaGrange, LLC with effective dates of February 22, 2013, to

February 22, 2014.  A true and correct copy of Policy No. SP100306 is attached hereto as Exhibit "B".

11.

Policy Nos. SP100288 and SP100306 are the same in all material respects unless otherwise noted and are collectively referred to as the "Policies."

12.

The Policies provide property insurance to one hundred twenty-one (121) properties for certain types of damage subject to a deductible pursuant to the Policies' terms and conditions.

13.

While the Policies were in full force and effect, on or about April 28, 2013, numerous properties insured under the Policies sustained property damage due to hail.

14.

Defendants asserted claims under the Policies seeking coverage for the property damage caused by the hail.

15.

Sagicor adjusted the claim applying a deductible of $5,000 to each damaged building and ultimately made payment based on such calculation.

16.

Defendants disputed Sagicor's calculation of its claim specifically seeking adjustment with only one deductible applied per each of the two Policies, rather than per building.

17.

The Policies each contain a "Description of Premises & Coverages Provided" ("Description") detailing the property locations for which coverage is provided. *Policy No. SP100288, COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS; Policy No. SP100306, COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS.*

18.

The Description for Policy No. SP100288 states in pertinent part, "DEDUCTIBLE PER OCCURRENCE: $5,000 per Building." *Policy No. SP100288, COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS.*

19.

The Description for Policy No. SP100306 states in pertinent part, "DEDUCTIBLE: $5,000 per Building." *Policy No. SP100306, COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS.*

20.

In addition to other provisions, the Policies also contain the following provisions:

In any one occurrence of loss or damage (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss, and will pay the resulting amount or the Limit of Insurance, whichever is less.

When the occurrence involves loss to more than one item of Covered Property and separate Limits of Insurance apply, the losses will not be combined in determining application of the Deductible. But the Deductible will be applied only once per occurrence.

*Policy Nos. SP100288 and SP100306, CP 00 10 04 02, p. 8 of 14.*

## COUNT I - DECLARATORY ACTION

21.

Sagicor hereby incorporates by reference and restates as if fully set forth hereinafter the allegations stated in paragraphs 1 through 20.

22.

There is an actual and justiciable controversy because Defendants contend that they are entitled to coverage under the Policies for their losses at issue herein with only one deductible applied for each of the Policies, and Sagicor contends that

6

a deductible applies to each damaged property location.  This controversy is of such importance and immediacy that Sagicor is entitled to a judicial declaration regarding its legal rights and obligations as to Defendants' losses.  Until such time as a judicial declaration is made, neither Sagicor nor the Defendants is able to properly assess the Defendants' loss claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands:

1). That summons issue to be served upon Defendants S&S LaGrange, LLC and Steve Cavender;

2). That the Court grant Sagicor a judicial declaration holding that the Defendants' loss at issue herein is subject to a $5,000 deductible per damaged building; and

3). That Plaintiff be provided such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 3rd day of February 2014.

/s/ Kylie Holladay
Nanette L. Wesley (GA Bar No. 748388)
Kylie Holladay (GA Bar No. 100162)
*Counsel for Plaintiff*

**SKEDSVOLD, WHITE & WESLEY, LLC**
1050 Crown Pointe Pkwy Ste 710
Atlanta, Georgia 30338
PH (770) 392-8610; FX (770) 392-8620
nwesley@swandwlaw.com
kholladay@swandwlaw.com

## **CERTIFICATION UNDER L.R. 7.1D**

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendant hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font and in accordance with Local Rule 5.1B.

So certified this 3rd day of February 2014.

/s/ Kylie Holladay
Nanette L. Wesley (GA Bar No. 748388)
Kylie Holladay (GA Bar No. 100162)
*Counsel for Plaintiff*

**SKEDSVOLD, WHITE & WESLEY, LLC**
1050 Crown Pointe Pkwy Ste 710
Atlanta, Georgia 30338
PH (770) 392-8610; FX (770) 392-8620
nwesley@swandwlaw.com
kholladay@swandwlaw.com